**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEGAN N. JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CHECK INTO CASH OF CALIFORNIA, INC.,<br><br>  Defendant. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Megan N. Jackson ("Plaintiff"), by and through her attorneys, Wajda Law Group, APC ("Wajda"), complaining of Check Into Cash of California, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental

1

jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and maintains significant business contacts in the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Check Into Check is a Delaware corporation with its principal place of business located at 201 Keith Street, Suite 80, Cleveland, Tennessee 37311 whose primary business is offering payday loan services and is engaged in the business of collecting or attempting to collect debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of California. Check Into Cash's registered agent is CT Corporation located at 6624 Leguna Boulevard, Suite 106, Elk Grove, California 95758.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In or around summer of 2017, Plaintiff obtained a high-interest loan from Defendant for approximately $3000.00 ("subject debt").

8. Plaintiff maintained timely payments of $379 per month towards the subject debt, until she no longer could afford a minimal standard of living.

9. In or around August of 2019, Plaintiff retained a bankruptcy attorney and began making payments to initiate filing of a Chapter 13 bankruptcy.

10. In or around late October 2019, Plaintiff started to receive phone calls from

Defendant to her cellular phone number (661) XXX-0039 attempting to collect the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

12. Soon after calls began, Plaintiff informed Defendant that she had retained an attorney, provided Defendant with her attorney's name and contact information, and informed Defendant to cease contacting her.

13. During the phone call, Defendant's representative confirmed that Plaintiff would not hear from Defendant again.

14. Despite Plaintiff's specific and detailed request, and Defendant's acknowledgment that it would not contact Plaintiff again, in November of 2019, Defendant began to send Plaintiff text messages attempting to collect the subject debt, without her consent.

15. Notwithstanding Plaintiff's request that Defendant cease sending text messages to her cellular phone, Defendant sent or caused to be sent numerous text messages to Plaintiff's cellular phone between November 2019 and the present day.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting multiple times, which such frequency as can be reasonably expected to harass.

## DAMAGES

17. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

19. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

21. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

22. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

23. The TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

24. Upon information and belief, based on Defendant's frequency and content of the text messages, Defendant used a TFM.

25. Defendant violated the TCPA by sending no less than nine text messages to Plaintiff's cellular phone after being told Plaintiff had retained a bankruptcy attorney and no longer wanted to be contacted, using a TFM without her prior consent.

26. Any prior consent, if any, was revoked by Plaintiff informing Defendant's representative that she had retained a bankruptcy attorney and to cease contacting her regarding the subject debt.

27. As pled above, Plaintiff was severely harmed by Defendant's collection texts to her cellular phone.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

30. Defendant, through their agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

31. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, MEGAN N. JACKSON, respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's text messages to Plaintiff to be in violation of the TCPA;
   b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT**

32. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a  Violations of RFDCPA § 1788.11(e)**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

37. Defendant violated the RFDCPA when it continuously sent text messages to Plaintiff's cellular phone after she informed them to cease contacting her regarding the subject debt. This repeated behavior of systematically texting Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of text messages shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

38. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection text messages. Nevertheless, Defendant consciously chose to continue sending text message to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, MEGAN N. JACKSON, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: December 30, 2019

Respectfully submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com